## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:17-cv-00358-GZS |
| | ) | |
| PENOBSCOT COUNTY JAIL, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION ON MOTIONS FOR BAIL

On September 13, 2017, Plaintiff Frank Inman filed a complaint in which he named the Penobscot County Jail as the defendant. Through this action, Plaintiff appears to complain about the conditions of bail established by the state court and about the conditions of his confinement.

The matter is before the Court on Plaintiff's Motions for Bail (ECF Nos. 3 & 10). Plaintiff asserts (1) that his bail is set at an over excessive amount; (2) that he has been deprived of medical care; (3) that he has been placed in conditions that are cruel and unusual; and (4) that his attorney is not representing him effectively. (ECF No. 10 at 1.) In an additional letter to the Court, Plaintiff contends that he has been deprived of a proper diet. (ECF No. 5 at 1.)

Following a review of the Plaintiff's motions for bail and Plaintiff's other submissions, I recommend the Court deny Plaintiff's request for bail.

## DISCUSSION

Generally, a plaintiff-inmate does not have a constitutional right to be released from jail even to attend the civil trial. *Jones v. Hamelman*, 869 F.2d 1023, 1029 – 30 (7th Cir. 1989); *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 111 – 12 (4th Cir. 1988). Logic suggests, therefore, that a plaintiff-inmate in a civil case is not entitled to bail.

In addition, in this case, Plaintiff in essence asks the Court to review the bail set by the state court. In this way, Plaintiff's claim could be viewed in part as a request for habeas relief. Even if Plaintiff's claim is construed as a request for habeas relief, Plaintiff is not entitled to bail. In a habeas petitioner's unopposed motion for bail pending the disposition of his petition for certiorari, Justice Rehnquist concluded, "it is no part of the function of the federal courts to allow bail in federal habeas review of state proceedings" in the absence of "extraordinary circumstances," even when the State did not oppose bail. *McGee v. Alaska*, 463 U.S. 1339, 1340 (1983) (Rehnquist, J.); *see also Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J.) (concluding that a petitioner seeking bail pending review of a collateral proceeding must demonstrate a substantial question and exceptional circumstances).[1]

---

[1] Other courts have noted the high standard of proof to secure bail in the habeas context. "Release should be granted to an offender pending collateral review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *United States v. Vogel*, 595 F. App'x 416, 416-17 (5th Cir. 2015) (quotation marks omitted). "This much is clear: federal courts very rarely find 'exceptional circumstances' and very rarely release petitioners before ruling on the merits of their claims. Indeed, there seem to be but a handful of decisions in which federal courts have released petitioners pending review of their claims." *Blocksom v. Klee*, 2015 WL 300261, at *4 & n.2, 2015 U.S. Dist. Lexis 6974, *12 (E.D. Mich. Jan. 22, 2015) (citing *Puertas v. Overton*, 272 F. Supp. 2d 621 (E.D. Mich. 2003) (holding that the petitioner's grave medical condition, combined with his showing of a substantial claim of law, justified the grant of the petitioner's motion for a bond pending review of his petition)).

Here, even if the Court were to determine there are circumstances in which the federal court could grant an inmate-plaintiff bail while the plaintiff-inmate is in state custody, Plaintiff has failed to assert facts that constitute "exceptional circumstances." In short, Plaintiff has failed to demonstrate the necessary "exceptional circumstances" to justify bail even if the Court assesses Plaintiff's request under the bail standard in a habeas corpus action.[2]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's Motions for Bail. (ECF Nos. 3 & 10.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge
Dated this 5th day of October, 2017.

---

[2] Although an inmate may be permitted to attend a civil trial, or a portion thereof, pursuant to a writ of habeas corpus ad testificandum, 28 U.S.C. § 2241(c)(5), at this time it is uncertain whether there will be a trial on Plaintiff's claims or any other reasons to obtain his testimony in open court. If the Court adopts this recommendation, therefore, the Court's order would not interfere with Plaintiff's ability to attend and participate in the trial.