UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

FRANK INMAN,                      )
                                  )
       Plaintiff          )
                                  )   1:17-cv-00358-GZS
v.                                )
                                  )
PENOBSCOT COUNTY JAIL, et al.,    )
                                  )
       Defendants         )

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Frank Inman, a pretrial detainee at the Penobscot County Jail, complains about the conditions of bail established by the state court and about the conditions of his confinement.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 6), which application the Court granted (ECF No. 7). In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Furthermore, to the extent Plaintiff's pleading can be construed as a habeas corpus petition, Rule 4 of the Rules Governing Section 2254 Cases requires that the Court conduct a preliminary review of the petition, and dismiss the petition "[i]f it plainly

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1]

As explained below, following a review of Plaintiff's filings, I recommend the Court dismiss the matter.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

---

[1] Plaintiff's filings do not identify a defendant or explain whether Plaintiff seeks such relief through the Civil Rights Act, 42 U.S.C. § 1983, or habeas corpus, 28 U.S.C. §§ 2241 and/or 2254. Courts have held that § 2254 is limited to post-conviction detention and that § 2241 is therefore the relevant statute for challenging the constitutionality of pretrial detention. *See, e.g.*, *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015); *Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008).

malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Similarly, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. Rules Governing Section 2254 Proceedings, Rules 1 and 4; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). To show his entitlement to relief, Plaintiff must

assert facts capable of supporting the finding that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a).

## FACTUAL BACKGROUND

According to Plaintiff's filings, Plaintiff entered state custody on criminal charges on September 7, 2017, and he has been held at the Penobscot County Jail. Evidently, Plaintiff was arrested because he failed to appear for a court hearing on a criminal charge. Plaintiff asserts that he was denied bail (ECF No. 1), that the bail "seems over excessive" (*id.*), and that the bail was set "at an over excessive amount." (ECF No. 10.)

Plaintiff asserts he suffers from Huntington's disease, which requires that he consume a certain number of calories, but, for an unstated reason, he has not been able to eat or drink "since prior to [his] arrest." (ECF No. 1 at 1.) Plaintiff alleges "the medical department" has not seen him, and he fears that the lack of treatment and appropriate diet will shorten his life. (*Id.*; ECF No. 5 at 1.)

## DISCUSSION

**A.    Federal Court Authority**

To the extent Plaintiff attempts to assert a civil action against the State of Maine, the state court, or the state court judge, the State and its agencies are not persons subject to federal court jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, and the Eleventh Amendment bars such a claim from proceeding against a state agency in federal court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009); *Nieves–Marquez v. Puerto Rico*, 353 F.3d 108, 124 (1st Cir. 2003). Furthermore, the determination of bail is a matter assigned to the presiding

judge, and § 1983 does permit injunctive relief against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In addition, a federal court cannot stay proceedings in state court, except in limited circumstances not present here. 28 U.S.C. § 2283.[2] In short, this Court cannot require the state judge to issue bail or dismiss the charges against Plaintiff, and it cannot enjoin the State of Maine from conducting state criminal proceedings.

B.     *Younger* **Abstention**

To the extent Plaintiff seeks to assert a habeas corpus petition to secure his release from pretrial detention, and to the extent Plaintiff requests injunctive relief against the district attorney through a civil rights claim, *Younger v. Harris*, 401 U.S. 37 (1971), mandates abstention from the exercise of jurisdiction when the plaintiff/petitioner seeks relief in federal court from ongoing state criminal proceedings. *See In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Under *Younger*, federal courts must abstain from interfering in state court proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43 – 44.[3]

---

[2] 28 U.S.C. § 2283 provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

[3] Injunctive relief may be awarded against prosecutorial officials where the plaintiff challenges the constitutionality of a statute imposing "immense" liability, *Ex parte Young*, 209 U.S. 123, 145 (1908), because a plaintiff's access to a federal remedy should not be conditioned on first hazarding such liability

5

The elements of mandatory abstention have been identified as the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). The criminal proceedings described in Plaintiff's pleadings are judicial in nature, implicate important state interests associated with the State's administration of its laws, afford Plaintiff adequate opportunity to challenge the charges on any constitutional ground he can identify, and allow Plaintiff to advocate for pretrial release on the same grounds he would advance in this Court. Abstention, therefore, is presumptively appropriate. Indeed, "[c]ourts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances." *Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at *3 n. 7 (D. Mass. May 16, 2012). In this case, Plaintiff has not alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption for abstention.

C.   *Medical Care*

To the extent Plaintiff intended to assert a claim pursuant to 42 U.S.C. § 1983 based on the quality of his medical care, Plaintiff has failed to assert an actionable claim. The

---

in a state tribunal. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992). Plaintiff's allegations would not support injunctive relief on this basis.

Due Process Clause of the Constitution imposes on state actors the "substantive obligation" not to treat prisoners in their custody in a manner that reflects "deliberate indifference" toward "a substantial risk of serious harm to health," *Coscia v. Town of Pembroke*, 659 F.3d 37, 39 (1st Cir. 2011), or "serious medical needs," *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 161 (1st Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 – 106 (1976)). Plaintiff has not alleged any facts to support a deliberate indifference claim against any particular state actor. In other words, Plaintiff has not identified a proper defendant under § 1983 and he has not otherwise asserted a claim for relief under § 1983.[4] Plaintiff, therefore has failed to assert an actionable § 1983 claim.

**CONCLUSION**

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss this matter without prejudice.

---

[4] Federal law requires a prisoner to exhaust the available administrative remedies before initiating a lawsuit based on 42 U.S.C. § 1983. Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court.") "'Prison conditions' under [the PLRA] include individual instances of medical mis-or non-treatment." *Acosta v. U.S. Marshals Serv.*, 445 F.2d 509, 512 (1st Cir. 2006). The Supreme Court has held that § 1997e(a) requires "proper exhaustion" of a prisoner's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90 – 91. "Compliance with prison grievance procedures … is all that is required … to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* Although the failure to exhaust administrative remedies is an affirmative defense and thus Plaintiff is not required to plead exhaustion, the temporal relationship between the date Plaintiff entered state custody (September 7, 2017) and the date Plaintiff filed this action (September 13, 2017) suggests Plaintiff might not have exhausted the available administrative remedies.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 5th day of October, 2017.